UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Daniel D. Small


    v.                                      Civil No. 04-cv-405-PB


Bruce Cattell, Warden,
Northern New Hampshire
Correctional Facility


**REPORT AND RECOMMENDATION**


    Before the Court is Daniel Small's amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (document no. 9). The amended petition was filed in response to this Court's February 8, 2005 Order directing Small to amend his original habeas petition to either forego the unexhausted claims in his petition or to return to the state courts to exhaust his unexhausted claims, and then return to this Court to amend his petition once all of his claims were exhausted.

    Small's original petition contained 104 claims that Small asserted entitled him to habeas relief.[1] The original petition failed to establish or demonstrate exhaustion of 71 of those

---

[1]These 104 claims were set out and numbered in an appendix to my February 8, 2005 order.

claims.[2]  Small elected to return to the state court to complete exhaustion of those claims.

This Court's order to amend his petition notified Small of the specific claims that were unexhausted and described the process for fully exhausting habeas claims in state court.  Small was further directed to amend his petition to provide the information to this Court that would demonstrate exhaustion of his claims.  Finally, Small's original petition was stayed to give him the opportunity to amend without jeopardizing the timeliness of his petition.

Small's amended petition falls short of demonstrating exhaustion of his claims in a number of ways.  Small did not elect to forego any of his original claims.  Small instead returned to the state court and filed a motion for a new trial in the superior court.  The motion was unsuccessful and Small appealed the superior court's decision to the New Hampshire Supreme Court.  That Court declined Small's appeal.  The state court litigation exhausted some of Small's claims,[3] but failed to

---

[2] My February 8, 2005 order identified these numbered claims as: 1-21, 23-39, 44, 48, 50, 53-57, 59-78, 80, 87, 94, 101, and 102.

[3] The claims originally numbered 7, 37, 39, 44, 48, 53, 57, 60-72, 74, 78, and 80 now appear to have been exhausted by

exhaust 48 of the claims filed in the original petition in this Court.[4]

Additionally, Small's amended petition included 27 claims that were not raised in his original petition.[5] Those claims are:

> 105. Small's trial counsel was ineffective because she lied to and deceived Small regarding the witnesses she intended to call at trial;
>
> 106. Small's trial counsel was ineffective in that she attempted to improperly contact and tamper with a witness by sending the witness a note through a juvenile witness in the case;
>
> 107. Small's trial counsel was ineffective in that she failed to publish the police reports to the jury as Small requested;
>
> 108. Small's trial counsel was ineffective in that she refused to present a document to the judge and/or jury proving that the temporary protective order Small was charged with violating had expired prior to the date of the alleged violation;
>
> 109. Small's trial counsel was ineffective in that she refused to present the court with a "false" fax that

---

Small's February 2005 motion for a new trial and subsequent appeal of that motion to the New Hampshire Supreme Court.

[4] Small has failed to demonstrate exhaustion of the following numbered claims in his original and amended petition: 1-6, 8-21, 23-36, 38, 50, 54-56, 59, 73, 75-77, 87, 94, 101, and 102.

[5] To avoid confusion, I will begin numbering these new claims at 105, so as not to confuse the claims with any of the 104 claims raised in the original petition.

       one of the state's witnesses, Officer Woodbury, had sent;

110. Small's trial counsel was ineffective in that she allowed the spoilage of evidence of 911 calls by refusing to seek enforcement of an order directing that the evidence be preserved;

111. Small's trial counsel was ineffective in that she refused to impeach trial witnesses with the fact that the 911 call evidence had been destroyed;

112. Small's trial counsel was ineffective in that she refused to introduce an exculpatory statement from a witness, Sgt. Ernest Bellette, during trial;

113. Small's trial counsel was ineffective in that she failed to call character witnesses on petitioner's behalf at trial;

114. Small's trial counsel was ineffective in that she failed to file a motion to withdraw despite the fact that she had a known conflict of interest in representing petitioner;

115. Small's trial counsel was ineffective in that she failed to object to the trial judge's failure to provide the jury with any instruction regarding the elements of "abuse" and "credible threat;"

116. Small's trial counsel was ineffective in that she failed to preserve a record for appeal regarding a jury question regarding the "following" element of the offense charged;

117. Small's trial counsel was ineffective in that she failed to argue that Small was selectively prosecuted in retaliation for the complaint Small filed with the Office of Public Integrity regarding the state actors involved in his criminal case;

118. Small's trial counsel was ineffective because she failed to obtain courthouse security tapes that had been ordered produced by the Hillsborough County Superior Court;

119. Small's trial counsel was ineffective in that she failed to inform Small that she was under a Professional Conduct Committee investigation regarding allegations of dishonesty;

120. Small's trial counsel was ineffective in that she failed to investigate the state actors' commission of perjury;

121. Small's trial counsel was ineffective for her failure to identify the party responsible for denying petitioner access to his children who were potentially exculpatory witnesses in the case;

122. Small's trial counsel was ineffective for her failure to report the prosecutor for his pre-arrest involvement with petitioner's wife in petitioner's divorce case;

123. The prosecutor violated petitioner's rights by interfering with his divorce proceedings by altering evidence, obtaining counsel for petitioner's wife, and discussing petitioner's confidential information from his pre-sentence investigation with the guardian ad litem in the divorce matter;

124. The prosecutor violated petitioner's rights by denying petitioner a fair trial by incorrectly representing to the trial judge that petitioner had been convicted of domestic violence against his wife;

125. The prosecutor denied petitioner a fair trial by intimidating petitioner's trial counsel and thus preventing her from deposing or subpoenaing petitioner's two children who were potentially exculpatory witnesses in the case;

126. The prosecutor violated petitioner's rights when he continued to prosecute petitioner after he had involved himself in petitioner's case before petitioner had been arrested, thus making himself a witness in the case and disqualifying himself as a prosecutor;

127. The prosecutor violated petitioner's rights by failing to preserve for appellate review the jury's question regarding the "following" element of the offense charged;

128. The trial judge violated petitioner's rights by failing to preserve a record for appellate review regarding a jury question regarding the "following" element of the offense charged;

129. The trial judge violated petitioner's rights by failing to notify petitioner that the state had secretly extended the amended domestic violence order after the alleged violations had occurred;

130. The trial judge denied petitioner a fair trial when he denied petitioner's trial counsel access to the petitioner's children, who were potentially exculpatory witnesses in the case;

131. The trial judge denied petitioner a fair trial and the effective assistance of counsel when he refused to reschedule the presentence investigation so that petitioner's counsel could attend the proceeding.

While the petitioner's amended complaint demonstrates exhaustion of thirteen of the new claims, numbered: 105, 107–109, 111–114, 117, 119, 122, 126 and 129, Small has failed to demonstrate that he has exhausted fourteen of his newly raised claims, numbered: 106, 110, 115, 116, 118, 120, 121, 123–125, 127, 128, 130 and 131.  The petition in this case thus continues

to be a "mixed petition," in that it includes both unexhausted and exhausted claims.

"[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaolo, 131 F.3d 259, 261 (1st Cir. 1997) (emphasis added). The Supreme Court has recently decided that a district court should stay a mixed petition containing both exhausted and unexhausted claims to give petitioner the opportunity to exhaust if the petitioner "has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 125 S.Ct. 1528, 1535 (2005).

While I cannot find that Small has intentionally engaged in "dilatory litigation tactics," I find that petitioner cannot at this time make a showing of good cause for his failure to exhaust all of his claims, as he has been afforded ample opportunity and direction in that regard and has still failed to exhaust all of the claims raised. Because Small's petition still contains many

claims that remain unexhausted along with unexhausted claims, I must recommend dismissal of the petition in its entirety. See Tart v. Mass., 949 F.2d 490, 494 (1st Cir. 1991); (citing Rose v. Lundy, 455 U.S. 509, 513-21 (1982)).  If the District Judge approves this recommendation, the petition will be dismissed without prejudice for failure to demonstrate exhaustion. See Slack v. McDaniel, 529 U.S. 473, 488 (2000).

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:     January 23, 2006

cc:       Daniel D. Small, *pro se*